264 A.2d 30.

DONAT LAMOUREUX *et ux.* vs. ZONING BOARD OF REVIEW OF THE TOWN OF COVENTRY.

APRIL 6, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

---

PAOLINO, J.   This is a petition for certiorari to review a decision of the Zoning Board of Review of the Town of Coventry.

The petitioners own a parcel of real estate in the Town of Coventry located at 33 Reservoir Road in an area zoned as a "Rural Residential RR District."   Their land is 1.51 acres in area.   They also own and operate a cesspool cleaning and rubbish removal business, and use a bedroom in their house at the above address as an office for their business.[1]

---

[1]Under article II, section 6 of the zoning ordinance, an office is a permitted use in a Rural Residential RR District.

On January 1, 1969, they filed an application pursuant to article IX, section 2 of the zoning ordinance for a building permit to erect a garage for the storage of vehicles owned by them, as allowed by article IV, section 7.d.[2] The inspector of buildings granted them a building permit to "erect a building for the storage of vehicles only."

Certain objectors prosecuted an appeal to the respondent board. It appears that petitioners intended to erect a garage measuring 60 feet by 60 feet at least 30 feet from any adjoining lot line for the purpose of storing overnight seven vehicles owned by them and used in connection with their cesspool cleaning and rubbish removal business. The vehicles consisted of two cesspool cleaning trucks, four rubbish collection trucks, and one backhoe. It is also undisputed that petitioners' vehicles were duly registered.

After the hearing the board, by a three-to-two vote, reversed the action of the building inspector and denied the permit on the ground that to approve the permit "would be condoning a business not permitted in the area." The petitioners thereupon brought this petition for certiorari to review the board's decision.

The petitioners are in reality seeking two things: (1) a building permit to erect a garage to which they are admittedly entitled, and (2) permission to use the proposed garage for the storage of certain vehicles owned by them and used in connection with their cesspool cleaning and rubbish collection business. In this proceeding we are concerned only with the legality of the latter request. There is no merit to petitioners' contention that the question of

---

[2]Section 7.d. reads as follows:

"In any parking lot, driveway or garage located in a residential district, no more than one commercial vehicle or bus may be stored overnight. Such vehicle or bus shall be of no more than 1½ tons rated capacity. In an RR District, farm vehicles and trucks may be stored provided they are 30 feet from the lot line. (All vehicles must be registered, except vehicles used principally in farming.)"

the legality of the proposed garage's intended use was irrelevant and that the only question before the board was that concerning their being entitled to a permit to erect the structure. The respondent did not exceed its authority by inquiring into the use petitioners intended to make of the proposed garage; on the contrary, it would have been guilty of a breach of its duty if it had failed to do so and had proceeded to grant a permit for the erection of a garage for a use not allowed in the district.

The issue narrows down to a question of intent. What did the local legislative body mean by the language of section 7.d. when read in the context of the entire zoning ordinance? The petitioners' contention is that, since section 7.d. imposes no express restrictions on the word "trucks" as it appears in the phrase "farm vehicles and trucks," an owner of land can store any type of truck on his property in a rural residential zone. We do not agree, and, on the view we take, neither do we consider it necessary here to decide whether the town council intended the adjective "farm" to modify only the word "vehicles" which directly follows, or whether it intended the adjective "farm" to carry over and modify the word "trucks" as well.

We are convinced from a reading of section 7.d. in the context of the entire ordinance that, in using the language it did in that portion of section 7.d. which relates to rural residential districts, the town council did not intend to authorize the carrying on of a business use not allowed in the district. The local legislature is so clear in this regard that we need not resort to rules of construction. Thus, the decisive question is whether the storage of petitioners' vehicles overnight is so closely connected with petitioners' business as to constitute an integral part thereof and amount to the carrying on of such business in a rural residential district. We believe that it does and we so hold notwithstanding the fact that the services rendered by this type of

business by their very nature occur off the premises. The respondent correctly found that to grant a permit for petitioners' intended use "would be condoning a business not permitted in the area," and, consequently, it did not err in denying their application.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Gelfuso and Cappalli, Richard A. Cappalli,* for petitioners.

*Paul E. Brodeur,* for respondent.